**COXON v. SOUTHERN PAC. CO.**

No. 11185.

Circuit Court of Appeals, Ninth Circuit.

May 14, 1946.

Louis B. Whitney and Leslie C. Hardy, both of Phoenix, Ariz. (Loretta Savage Whitney, of Phoenix, Ariz., of counsel), for appellant.

Ellinwood & Ross and Norman S. Hull, all of Phoenix, Ariz., and Lawrence L. Howe, of San Francisco, Cal., for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal by plaintiff below from a judgment of dismissal.

William Coxon was in the employment of Southern Pacific Company for many years. Early in 1944 he was granted sick leave, and thereafter the leave was extended by a ninety-day leave, dating from the beginning of his original leave. Before the ninety days had elapsed, he requested a ninety-day leave in order to conduct a campaign in his own behalf for nomination to a state office. The company replied that because of a company rule adopted under an agreement with a labor organization, the request was denied, and, the ninety-day leave having then expired, Coxon was notified to report for duty immediately. Inferentially, he failed to report, and the position he had occupied was declared vacant. About four months later the company advised Coxon that his services were terminated. Coxon claimed heavy damages for wrongful discharge in a state court action, which was transferred to the United States District Court by reason of diversity.

Appellant's brief presents many points, but since we think the complaint wholly insufficient, we do not reach them.

■ The primary theory of the complaint is that a state statute has been violated and thereby appellant has been damaged in various ways. The statute provides a penalty against any corporation which has attempted to interfere in the political actions of an employee.[1] Wheth-

---

[1] Chapter 10, §§ 1 and 2, of the Laws of the Legislature of the State of Arizona, enacted in 1923, as consolidated and revised in § 43-1508, Arizona Code Annotated, 1939:

"Corporation restraining or aiding political activities of employee—penalty.— It shall be unlawful for any corporation, its officers or agents, to make, enforce, or attempt to enforce, any order,

er or not a personal action for damages can be premised at all upon a violation of the penal statute, or whether or not the statute is valid under the United States Constitution, we do not consider, for the reason that the complaint is insufficient in that it does not contain an allegation to the effect that the company's action did interfere with appellant's political actions, or that appellant ever did decide to or ever did run for any nomination, or that any action of the company prevented, hindered or influenced his possible candidacy for any nomination or any election to office.

Secondarily, the complaint appears to be based upon a claim for damages for wrongful discharge, independent of the state statute to which reference has been made. Items of alleged damage appear to be based upon rights claimed under or because of the company-labor organization agreement, and at the same time appellant affirmatively alleges in the complaint that he is not a member of the labor organization and that the agreement entered into between the company and the labor organization does not apply to or affect him or his rights. Appellant also claims that his discharge damages him in the matter of company policy as to employee seniority and other employee benefits. However, no agreement of employment other than employment at the will of the employer is alleged. It follows that appellant was subject to discharge at any time.

Affirmed.

---

rule or regulation, or adopt any other device or method to prevent an employee from engaging in political activities, accepting candidacy for nomination or election to, or the holding of political office, or from holding a position as a member of any political committee; or from soliciting or receiving funds for political purposes; or from acting as chairman or participating in a political convention; or assuming the conduct of any political campaign; or for any corporation, its officers or agents to instigate, encourage, aid or assist, whether by personal service or contributing money or anything of value, any employee in its employ to run for or be elected to any political office; or for any corporation, its officers or agents to pay or contribute anything of value, whether in wages, fees or contributions, to any such employee in its employ while such employee is engaged in the official duties of the office to which such employee is elected; or from casting his ballot or vote as his conscience may command. Any employer may suspend the wages or compensation of an employee elected to office when his duties as such officer interfere with his duties as employee. Any person violating any provision of this section shall be guilty of a misdemeanor, and punished, if a corporation, by a fine of not less than five hundred dollars ($500), nor more than five thousand dollars ($5,000); and if a natural person by a fine of not less than five hundred dollars ($500) nor more than five thousand dollars ($5,000), or by imprisonment in the county jail not less than six (6) months nor more than two (2) years, or by both such fine and imprisonment."